JONES v. GORDON et al.

(Supreme Court, Special Term, Erie County.   May, 1906.)

COURTS—JURISDICTION—CONTROVERSIES CONCERNING INDIAN LANDS—JURISDICTION OF INDIAN COURTS.

Indian Law, Laws 1892, p. 1585, c. 679, § 47, provides that the Peacemakers' Court of the Alleghany and Cattaraugus reservation shall have exclusive jurisdiction of all questions between individual Indians involving the title to real estate on the reservation.   Section 51 authorizes an appeal from the Peacemakers' Court to the council of the Seneca Nation, and declares that the decision of the council shall be conclusive.   An action involving title to lands in the Cattaraugus reservation was tried in the Peacemakers' Court, and a judgment rendered.   *Held* that, the jurisdiction of the Peacemakers' Court being exclusive, injunction would not lie at the suit of the defeated party in an action in the Supreme Court to restrain the Peacemakers' Court from carrying its judgment into effect, and to have the deed under which the successful party claimed declared fraudulent.

Action by Mary A. Jones against Theodore Gordon and others, individually, and as peacemakers of the Cattaraugus Reservation.   Temporary injunction vacated.

Leroy Andrus, for relator.
Congdon & Congdon, for defendants.

MARCUS, J.   The parties to this action are Seneca Indians residing on the Cattaraugus Indian reservation.   The title of certain lands on the Cattaraugus Indian reservation are claimed both by the plaintiff and by the defendant Percival Nephew.   Nephew holds a deed of the premises in dispute made by one John Jackett, dated April 22, 1898, which the plaintiff claims is a forgery.   The question of the title of these lands was tried in 1902 in the Peacemakers' Court of the Cattaraugus Indian reservation in an action brought by Nephew, the defendant, against the plaintiff.   A judgment was entered therein in favor of Nephew, declaring him to be the owner of the land in question.   It is claimed, on the part of the plaintiff, that this judgment was reversed by the council of the Seneca Nation on appeal, with a direction that the same be retried before the Peacemakers' Court, but such a trial has never taken place.   It is the claim of the defendant Nephew that no appeal was ever taken from said judgment in his favor in the Peacemakers' Court, and therefore that that judgment is now in full force and effect; and further, that any action taken by the council, or any resolution passed by it, is without authority and therefore void.

It will be seen that the peacemakers composing the Peacemakers' Court of the Cattaraugus reservation, as well as Nephew, are the defendants in this action against whom the plaintiff asks a permanent injunction restraining the Peacemakers from carrying into effect their judgment, and, further, that the deed from Jackett to Nephew be declared fraudulent and void.   It is thus apparent that the object of this

action is solely for the purpose of trying the title of this land between the plaintiff and the defendant, Nephew, in the Supreme Court, and to deprive the Peacemakers' Court from hearing and determining any questions involving such title between these parties.     The question of the validity of this deed has once been tried in the Peacemakers' Court, and there appears to be a variance between the descriptions in said deed; it being apparent that the last description was written at a different time and with different ink than the first description, though it is not conceded by the defendant that they are not both in the same handwriting.     It seems to me that all these issues at the proper time and in the proper court could be tried and determined.     While this motion might well be vacated on the ground that no undertaking as required by law was given at the time, I prefer to dispose of this question upon the ground that the Supreme Court has no jurisdiction of the subject-matter of this action.

The Indian Law, Laws 1892, p. 1585, c. 679, § 47, provides as follows:

"A Peacemakers' Court of the Allegany or Cattaraugus reservation shall have exclusive jurisdiction   *   *   *   to hear and determine all questions and actions between individual Indians residing thereon involving the title to real estate on such reservation."

It is further provided by section 51:

"Within twenty days after the decision of the Peacemakers' Court of the Seneca Nation an appeal may be taken to the council of such nation by serving upon the adverse party and upon the peacemakers before the action or proceeding was heard a notice of such appeal.   The peacemakers shall certify the evidence taken before them to the council.   The appeal shall be heard by at least a quorum of the council and shall be decided upon the evidence taken in the Peacemakers' Court and such additional evidence as the council may determine to hear.   Upon the hearing any party shall have the right to appear either in person or by counsel and argue the merits of a case.   The decision of the council shall be conclusive."

Here the plaintiff alleges that she is the owner of the land on the Cattaraugus Indian reservation which is in dispute, and that the deed which the defendant Nephew had of these lands is fraudulent and void. These allegations being denied at the very outset, it would seem that the question of title must be determined and tried by the Peacemakers' Court between these individual Indians.   The plaintiff asks for an injunction permanently restraining the Peacemakers' Court from executing a judgment in that court in favor of this defendant Nephew, and against the plaintiff, which it is alleged was duly reversed by the council of the Seneca Nation of Indians on an appeal taken from such judgment.   The question as to whether the judgment of the Peacemakers' Court is now valid, or whether it was duly appealed from and reversed by the council, seems to have lately been tried before the Peacemakers' Court in a proceeding brought for that purpose, and the decision of that court was in favor of th defendant Nephew.   At all events, this is a "question between individual Indians residing on the Cattaraugus reservation involving the title to real estate on such reservation."   Undoubtedly the plaintiff in this action had the right to appeal to the council from its decision on that question; but, when the Supreme Court is

asked to take away from the Peacemakers' Court the jurisdiction expressly conferred upon it by section 47 of the Indian Law to determine the title between individual Indians of a portion of the Indian reservation, and to take away from the council its jurisdiction on this question of appeal which the statute gives it, it would make the Indian Law, in so far as the jurisdiction of those courts is concerned, meaningless.

I therefore conclude that this court is without jurisdiction to grant the relief which the plaintiff desires, and the injunction is therefore vacated.